# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PASCUAL MARROQUIN-ALVAREZ, | :: | MOTION TO VACATE |
| | :: | 28 U.S.C. § 2255 |
| Movant, | :: | |
| | :: | CRIMINAL NO. |
| v. | :: | 1:08-CR-0363-TWT-RGV-8 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-3127-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 23rd day of October, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| PASCUAL MARROQUIN-ALVAREZ, | :: | MOTION TO VACATE |
| | :: | 28 U.S.C. § 2255 |
| Movant, | :: | |
| | :: | CRIMINAL NO. |
| v. | :: | 1:08-CR-0363-TWT-RGV-8 |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-3127-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Pascual Marroquin-Alvarez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 757]. For the reasons stated herein, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned an indictment charging Marroquin-Alvarez in Count One with conspiracy to possess with intent to distribute at least 5 kilograms of a mixture containing cocaine and/or at least 1,000 kilograms of a mixture containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (vii) and 846; and in Count Seven with possession with intent to distribute at least 5 kilograms of a mixture containing cocaine, in violation of §§ 841(a)(1), (b)(1)(A)(ii) and 18 U.S.C. § 2. [Doc. 1]. Marroquin-Alvarez entered a non-negotiated guilty plea to both counts. [Doc. 399]. The Court imposed a total sentence of 235 months of imprisonment. [Doc. 539]. Marroquin-Alvarez appealed his sentence, and on February 2, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed. United States v. Marroquin-Alvarez, 412 F. App'x 244, 246 (11th Cir. 2011).

AO 72A
(Rev.8/82)

Marroquin-Alvarez filed this pro se § 2255 motion on September 12, 2013.[2] [Doc. 757 at 6]. Marroquin-Alvarez raises six grounds for relief, all of which challenge his sentence based on the United States Supreme Court's June 17, 2013, decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). [Doc. 757-1 at 3-22]. In Alleyne, the Supreme Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), "that any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury," to apply to "any fact that increases the mandatory minimum." Alleyne, 133 S. Ct. at 2154-55. The Supreme Court concluded that the jury must find beyond a reasonable doubt that the defendant "brandished" a gun in order to apply the seven-year mandatory minimum under 18 U.S.C. § 924(c)(1)(A)(ii). Id. at 2162-63. Marroquin-Alvarez contends that this Court erred by sentencing him based on a drug amount not charged in the indictment and by enhancing his base offense level based on a leadership role to which he never admitted. [Doc. 757-1 at 3-22].

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

3

## II.  DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, there is no claim that the circumstances set forth in subparagraphs (2) or (4) of § 2255(f) apply.

Marroquin-Alvarez's conviction became final, for purposes of § 2255(f)(1), on May 3, 2011, ninety days after the Eleventh Circuit affirmed his sentence.  See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); Sup. Ct. R. 13(1) (providing that a petition for a writ of certiorari must be filed within ninety days after the entry of judgment).  Because

4

AO 72A
(Rev.8/82)

Marroquin-Alvarez did not file his § 2255 motion until September 12, 2013, approximately two years and four months after his conviction became final, it was not timely under § 2255(f)(1).

Subparagraph (3) of § 2255(f) does not save Marroquin-Alvarez's motion because Alleyne has not been "made retroactively applicable to cases on collateral review." See 28 U.S.C. § 2255(f)(3). Since "Apprendi does not apply retroactively on collateral review," McCoy v. United States, 266 F. 3d 1245, 1258 (11th Cir. 2001), and because Alleyne "is based on an extension of Apprendi, [Marroquin-Alvarez] cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review." In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004).

Marroquin-Alvarez does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Sandvik v. United States, 177 F.3d 1269, 1271 (11th

5

Cir. 1999) (per curiam) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Accordingly, Marroquin-Alvarez's § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of

Marroquin-Alvarez's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 757], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of October, 2013.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE